Nicholson, C. J.,
delivered tbe opinion of tbe court:
Complainant is tbe manufacturer of a cooking stove, wbicb he has been selling for many years under the trade mark of the “The Charter Oak,” with the design of an oak leaf upon the doors. He claims to have 'been the first to adopt this name as a trade-mark to the cooking stove,, and that he has acquired a property therein, which entitles him to the interposition of a court of equity in restraining and enjoining the similar use of that trade-mark by any other manufacturer or dealer in cooking stoves. He alleges that tbe defendants, S. Rosenbaum & Co., have infringed upon his rights by adopting tbe name of “Charter Oak” as their trade-mark on cooking stoves, manufactured by them at Cincinnati, O., and at Memphis, Tenn., and that in violation of his rights they are manufacturing and selling their stoves with his trademark on them at Memphis.
Defendants admit that they are manufacturing and selling cooking stoves under the name of the “Charter Oak,” at Memphis, and other places, but they deny that they are doing so in violation of tbe rights of complainant; they insist that he has no exclusive right to the use of the trademark, and if he ever had* that be has lost it by long acquiescence in its use by others with his knowledge.
The case was heard upon tbe pleadings, and upon a large mass of evidence, when the chancellor held that the *396 complainant’s use and appropriation of the name “Charter Oak” as a distinguishing name, or “trade-mark,” for cooking stoves of his manufacture, was prior in point of time to any similar use of this name by the defendants, or any other parties; that this use of said name, in combination with oak leaves on the doors of his' cooking stoves, as his trade-mark, has been continuous on the part of complainant; that he has thereby acquired the exclusive right to use or employ said name of “Charter Oak” as the name or “trade-mark” by which to designate cooking stoves of his manufacture; and that the defendants have wrongfully and fraudulently applied this name or “trade-mark,” “Charter Oak,” to cooking stoves manufactured or sold by themselves; that this use of said name by defendants has never been acquiesced in by complainant, and that complainant is entitled to the relief sought for in this bill, which was a perpetual injunction against the use of said “trade-mark” by defendants in the manufacture or sale of their cooking-stoves. . From this decree defendants have appealed.
After an examination of the pleadings and proof in the cause, as well as the leading authorities which have been cited in argument, we have read the opinion of the supreme court of Missouri, in the case of Filley v. Fasset, reported in 44 Missouri Reports, and also in Trade-mark Cases, p. 530., We find from the recital of the facts by the court that the questions of fact and of law are the same in the two cases. We find also- from the proof in the case now before us, that the defendants employed the counsel in the case in Missouri, and in the opinion of the court in that casé, it is stated that the defendants in the present case seemed the real defendants in that case. We see every indication in the briefs of counsel, and the opinion of the court, that the' case was thoroughly and ably argued by counsel, and examined and considered by the court. The result was that the defendants were enjoined from the manufacture or sále of their cooking stoves with the name *397 or trade-mark “Charter Oak” on them, and on the same grounds upon which the chancel] or, in the present case rendered a similar- decree.
It is true that the decree rendered in the case of Filley v. Fasset, can only be operative within the State of Missouri, and therefore cannot be relied on in this case as res adjudieata, but as the facts and the- parties are the same, and as the opinion of the supreme court of Missouri is characterized by full research and sound reasoning, we¡ are bound to accept it as high, if not controlling authority in the case at bar.
It is proper to add that upon a careful examination of the facts and the authorities bearing upon the questions involved, we fully concur with the conclusions of the court in the case of Filley v. Fasset, and in those of the chancellor in the present case, and for the reasons indicated, without further discussion of the question, we affirm the decree, with costs.